**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JDA EHALTH SYSTEMS, INC.,** | § | |
| **D/B/A PARATHON** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 3:22-CV-01708-M** |
| | § | |
| **CORBY BELL,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................ 2

III.    ARGUMENT AND AUTHORITIES ................................................................... 3

    A.    Rule 12(b)(6) and Pleading Standard ................................................................ 3

    B.    All of Plaintiff's Claims Fail Because they are Fatally Flawed ....................... 5

      1.   All of Plaintiff's Claims Are Barred by the Statute of Frauds ..................... 5

      2.   Plaintiff's Fraud, Breach of Fiduciary Duty, and Unjust Enrichment Claims Are Also Barred by the Economic Loss Rule ................................... 7

    C.    Plaintiff Fails to State a Claim for Breach of Contract .................................... 8

    D.    Plaintiff Fails to State a Claim for Fraud ...................................................... 12

    E.    Plaintiff Fails to State a Claim for Breach of Fiduciary Duty ........................ 14

    F.    Plaintiff Fails to State a Claim for Unjust Enrichment ................................... 15

    G.    Plaintiff Fails to State a Claim for an Award of Exemplary Damages or Attorney's Fees Under Texas Law ................................................................ 17

IV.    CONCLUSION ................................................................................................... 18

TABLE OF AUTHORITIES

**Cases**

*Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008).................. 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ................................................................................ 4

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).................................................. 4

*Binder v. Bank of Am. Corp.*, No. 3:10-CV-770-B, 2010 WL 5017314, at *2-3 (N.D. Tex. Nov. 22, 2010)....................................................................................................................................... 8

*Bransom v. Standard Hardware, Inc.,* 874 S.W.2d 919, 927 (Tex.App.-Fort Worth 1994, writ denied) ..................................................................................................................................... 16

*Burlington N. R.R. Co. v. Southwestern Elec. Power Co.,* 925 S.W.2d 92, 101 n. 5 (Tex. App.-Texarkana 1996, no writ), *aff'd,* 966 S.W.2d 467 (Tex.1998) ..................................................... 16

*City of Corpus Christi v. Heldenfels Bros.,* 802 S.W.2d 35, 40 (Tex.App.-Corpus Christi 1990), *aff'd,* 832 S.W.2d 39 (1992) ..................................................................................................... 16

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).................................. 5

*Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415 (Tex. App.—Dallas 2012, no pet.)............... 8

*Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) .............. 12

*Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000).......................................... 8

*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) ................................................................... 3

*Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001)..................................................................... 7

*Heil Co. v. Polar Corp.*, 191 S.W.2d 805, 817 (Tex. App. – Fort Worth 2006, pet. denied)......... 7

*Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002) ............................. 7

*Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied) ......................................................................................................................................... 15

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ...................................... 4

*Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)............................................. 7

*Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied).......................... 14

*Lone Star Steel Co. v. Scott,* 759 S.W.2d 144, 154 (Tex.App.-Texarkana 1988, writ denied)..... 16

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)................................... 12

*Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).. 14

*Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 237 (Tex. App.—Dallas 2011, pet. denied)...................................................................................................................................... 10

*Obuekwe v. Bank of Am.*, N.A., No. 4:11-CV-762-Y, 2012 WL 1388017, at *8 (N.D. Tex. Apr. 19, 2012)..................................................................................................................................... 8

*Oxford Fin. Co., Inc. v. Velez,* 807 S.W.2d 460, 465 (Tex.App.-Austin 1991, writ denied)........ 16

*Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ...................................................... 12

*Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex.App.- Houston [1st Dist.] 2002, pet. denied)...................................................................................................................... 9

*Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ............................... 3

*Real Estate Innovations, Inc.*, 422 Fed. Appx. at 349-350 .................................................... 10, 11

*Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), cert. denied, 549 U.S. 825 (2006) ......................................................................................................................................... 5

*Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) ................................................................................................................. 12

*Smith Int 'I, Inc. v. Egle Group, LLC*, 490 F.3d 380,387 (5thCir. 2007) ....................................... 9

*Southwestern Electric Power Co. v. Burlington Northern Railroad Co.,* 966 S.W.2d 467, 469-70 (Tex.1998) ................................................................................................................... 16

*St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009) ...................................................... 4

*TransAmerican Natural Gas Corp. v. Finkelstein,* 933 S.W.2d 591, 600 (Tex.App.-San Antonio 1996, writ denied) ...................................................................................................... 16

*Villanueva v. Gonzales*, 123 S.W.3d 461, 468 (Tex. App.—San Antonio 2003, no pet.)............. 7

*Wells Fargo Bank, N.A. v. Ballestas,* 355 S.W.3d 187, 191 (Tex. App.—Houston [1st Dist.] 2011, no pet.)................................................................................................................. 10

*Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)............................................... 13

**Statutes**

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 2, 3

Federal Rule of Civil Procedure 9(b) .......................................................................................... 12

Tex. Bus. Com. Code § 26.01 ....................................................................................................... 6

Tex. Civ. Prac. & Rem. Code § 38 .............................................................................................. 17

Tex. Civ. Prac. & Rem. Code § 41 .............................................................................................. 17

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JDA EHALTH SYSTEMS, INC.,** | § | |
| **D/B/A PARATHON** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 3:22-CV-01708-M** |
| | § | |
| **CORBY BELL,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant files this Brief in Support of his Motion to Dismiss Plaintiff's First Amended Complaint and would show the Court as follows:

## I.    INTRODUCTION

Plaintiff filed its Original Petition in the 162nd District Court of Dallas County on June 7, 2022. The matter was removed to this Court on August 7, 2022. In its Original Petition, Plaintiff asserted claims against Defendant for breach of contract, fraud, and unjust enrichment. Defendant filed Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement ("Defendant's Original Motion to Dismiss") on August 14, 2022 attacking the paucity of specific facts supporting Plaintiff's asserted claims in its pleading against Defendant. Without otherwise responding to Defendant's Original Motion to Dismiss, and without waiting for the Court to rule on Defendant's Original Motion to Dismiss, Plaintiff sought to correct its pleadings in light of Defendant's Original Motion to Dismiss and availed itself of its one opportunity to amend its pleading as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and

filed Plaintiff's First Amended Complaint (the "First Amended Complaint") on August 26, 2022.

Due to the fatal defects remaining in Plaintiff's Fist Amended Complaint, Defendant now files this

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Defendant's Motion to

Dismiss the Amended Complaint").[1] In the First Amended Complaint, Plaintiff now asserts claims

for breach of contract, fraud, breach of fiduciary duty and equitable accounting, and in the

alternative, unjust enrichment. Plaintiff also seeks actual damages, exemplary damages, and

attorney's fees.

However, even assuming the truth of the factual allegations in Plaintiff's First Amended

Complaint, Plaintiff has failed to state a viable claim for relief and there is no basis in law or fact

that supports Plaintiff's claims, and they should be dismissed with prejudice pursuant to Rule

12(b)(6).[2]

## II.    FACTUAL BACKGROUND[3]

Defendant was employed by Plaintiff as Chief Operating Officer and General Counsel

from 2015 through 2021, although his employment was terminated March 9, 2022. *First*

*Amended Complaint ¶¶ 6, 19*.  Plaintiff and Defendant had a fiduciary relationship. *Id. ¶7*. On or

about November 4, 2020, Defendant requested a loan from Plaintiff for funds to finance a home.

*Id. ¶ 8*. Plaintiff gave the Defendant the loan he requested (the "Loan") in the amount of

$275,000 (the "Loan Amount") to help Defendant finance the purchase of a home for his parents.

---

[1] Defendant acknowledges that Plaintiff's filing of Plaintiff's First Amended Complaint and Defendant's subsequent filing of Defendant's Motion to Dismiss the Amended Complaint renders Defendant's Original Motion to Dismiss moot.

[2] In its Fist Amended Complaint, Plaintiff has added many additional facts to its Original Petition which was largely devoid of any specifics relating to its claims and largely contained conclusory statements supporting some elements thereof. Although the First Amended Complaint still contains fatal flaws in each of its claims, Defendant is allowed to challenge the buttressed allegations under Rule 12(b)(6) by motion before pleading when a responsive pleading is allowed, which is the case with Plaintiff's First Amended Complaint. Fed. R. Civ. Proc. 12(b)(6)

[3] Although the allegations in the First Amended Complaint must be taken as true in Defendant's Motion to Dismiss the Amended Complaint, Defendant disagrees with most of Plaintiff's assertions and reserves the right to challenge those factual allegations at the appropriate time.

*Id. ¶ 10*. Plaintiff does not know exactly what Defendant did with the money Plaintiff loaned him. *Id. ¶ 11*. Plaintiff agreed to grant the Loan both through an oral agreement and several electronic mail communications between Defendant and Plaintiff's President James Dudley. *Id. ¶ 12*. Defendant drafted and signed a Promissory Note (the "Note") in the amount of the Loan Amount which stated that the loan would mature in November 2025 with no payments due until then and no interest at all. *Id. ¶ 13*. Plaintiff never signed the Note and did not agree to the terms proposed therein. *Id. ¶ 15*. Subsequent to the execution of the Note by Defendant, various controversies arose between the parties and Defendant indicated a desire to settle the Note matter by paying the Loan Amount under several different scenarios, but Defendant has never paid any portion of the Loan Amount to Plaintiff. *Id. ¶¶ 16-17*.

### III.   ARGUMENT AND AUTHORITIES

#### A. Rule 12(b)(6) and Pleading Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…" *Bell Atlantic Corp.*

*v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957) ["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009), citing *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) ("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), citing *Twombly*, 127 S. Ct. at 1974). See also *Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008).

The Supreme Court has stated: [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at

1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556- 557; *Iqbal*, 129 S.Ct. at 1950-1951.

"[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief…" *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), cert. denied, 549 U.S. 825 (2006).

**B. All of Plaintiff's Claims Fail Because they are Fatally Flawed**

1. <u>All of Plaintiff's Claims Are Barred by the Statute of Frauds</u>

Plaintiff references a "Loan Agreement" in its Factual Background and then throughout its First Amended Complaint, but only defines that term in a self-serving statement of fact in paragraph 13, in which it states, "In confirmation of the Loan agreement between the parties (the "Loan Agreement")…" *First Amended Complaint ¶ 13*. Plaintiff never defines exactly what "loan agreement" it believes constitutes the "Loan Agreement." Plaintiff does allege it "agreed to grant the Loan both through an oral agreement and several electronic mail communications between Defendant and Plaintiff's President James Dudley," but again fails to provide any specificity as to what the terms of any alleged oral agreement were or what was contained in the electronic mail communications. *Id. ¶ 12*. Plaintiff does go on to state that "Defendant himself drafted and signed a Promissory Note (the "Note") in the amount of the Loan Amount" and that "The Note stated that it would mature in November 2025 with no payment due until then and no interest at all", but later avers that "Plaintiff never signed the Note and did not agree to the

terms proposed therein by Defendant." *Id. ¶¶ 13, 15*. Taking these facts as true, the only basis for an alleged Loan Agreement between the parties must be the oral agreement because Plaintiff admits that it did not agree to the "proposed" terms of the alleged Note that Defendant drafted. *Id.*

Regardless of the self-serving definition of Loan Agreement in its First Amended Complaint, Plaintiff does not allege it is a financial institution as that term is defined in the Texas Business and Commerce Code, and therefore the alleged Loan Agreement does not fall within the requirements of Section 26.02(b) of the Texas Business and Commerce Code. Tex. Bus. Com. Code § 26.02(b). However, Section 26.01 does state that an agreement which is not to be performed within one year from the date of making the agreement is not enforceable unless it is in writing and signed by the person to be charged with the promise or agreement. Tex. Bus. Com. Code § 26.01. Because Plaintiff "did not agree to the terms proposed" of the alleged written Promissory Note by Defendant, the only basis for an agreement is the oral agreement. *Id. ¶¶ 13, 15*. Plaintiff did not, and cannot in good faith, allege that any agreement, oral or otherwise, between the parties was to be performed within one year from the date of making the agreement, and the alleged oral agreement therefore is subject to the statute of frauds and is unenforceable. As such, the contract that forms the basis of Plaintiff's breach of contract claim with regards to the "Loan Agreement" is unenforceable and should be dismissed with prejudice.

Plaintiff's fraud, breach of fiduciary duty and equitable accounting, and in the alternative, unjust enrichment claims are also barred by the statute of frauds. In Texas, a plaintiff "may not recover in tort for claims arising out of an unenforceable contract under the statute of frauds", otherwise a plaintiff would be able to effectively circumvent the statute of frauds. *Hugh Symons*

*Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002) (affirming grant of summary judgment on fraud and negligent misrepresentation claims where such claims were based on an alleged contract that was unenforceable under the statute of frauds) (citing *Haase v. Glazner*, 62 S.W.3d 795, 799 (Tex. 2001); *Villanueva v. Gonzales*, 123 S.W.3d 461, 468 (Tex. App.—San Antonio 2003, no pet.) (discussing *Haase*, 62 S.W.3d at 798-99). Because the basis of Plaintiff's claims for fraud, breach of fiduciary duty and equitable accounting, and in the alternative, unjust enrichment are the unenforceable "Loan Agreement", those claims are also barred by the statute of frauds and should be dismissed with prejudice. *First Amended Complaint ¶¶ 28-31, 36-39, 41-43.*

2. Plaintiff's Fraud, Breach of Fiduciary Duty, and Unjust Enrichment Claims Are Also Barred by the Economic Loss Rule

Even if Plaintiff's claims were pled in accordance with Texas law and the Federal Rules of Civil Procedure, and its breach of contract claim withstood the statute of frauds, its claims for fraud, breach of fiduciary duty and equitable accounting, and in the alternative unjust enrichment all fail because their premise is the contract, making these claims fatally flawed. Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("When injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone."). The economic loss rule expressly applies to claims for misrepresentations that arise from an agreement between the parties. *See Heil Co. v. Polar Corp.*, 191 S.W.3d 805, 817 (Tex. App. – Fort Worth 2006, pet. denied) (holding that the economic loss rule barred fraud claim). The injuries that Plaintiff alleges it has suffered in its fraud, breach of fiduciary duty and equitable accounting, and in the alternative unjust enrichment claims all arise from the "Loan Agreement." A detailed reading of Plaintiff's First Amended Complaint demonstrates that it is

merely reaching for straws and attempting to bring as many causes of action for the same under-lying grievance it has against Defendant, which is the alleged breach of the alleged Loan Agreement. *First Amended Complaint ¶¶ 28-31, 36-39, 41-43.* This is further demonstrated in that, once again, Plaintiff "realleges and incorporates the allegations contained in the above paragraphs as if fully stated herein" in each of its causes for action. *Id. ¶¶ 23, 28, 36, 41*. However, because all of these claims simply arise from the contract, or Loan Agreement, they are all precluded as a matter of law. *See, e.g. Obuekwe v. Bank of Am.*, N.A., No. 4:11-CV-762-Y, 2012 WL 1388017, at *8 (N.D. Tex. Apr. 19, 2012) (dismissing claim for fraudulent misrepresentation as barred by the economic-loss rule); *Binder v. Bank of Am. Corp.*, No. 3:10-CV-770-B, 2010 WL 5017314, at *2-3 (N.D. Tex. Nov. 22, 2010) (dismissing claims for negligence and as barred by the economic-loss rule); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000) (There can be no recovery for unjust enrichment if the same subject is covered by the contract); *Compton v. Citibank (S.D.), N.A.*, 364 S.W.3d 415 (Tex. App.—Dallas 2012, no pet.) (A party cannot recover for unjust enrichment when a contract exists). In taking the allegations in Plaintiff's First Amended Complaint as true, if a contract exists between the parties as Plaintiff alleges, then its other causes of action that all arise from the alleged contract should be dismissed with prejudice.

### C. Plaintiff Fails to State a Claim for Breach of Contract

In support of its main breach of contract claim against Defendant, Plaintiff "realleges and incorporates the allegations" contained in the facts stated above, and further alleges that "Defendant violated the Loan Agreement by not paying Plaintiff the Loan Amount or any portion thereof." In Texas, the elements of a breach of contract claim include: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int 'I, Inc. v. Egle*

*Group, LLC*, 490 F.3d 380,387 (5thCir. 2007). The elements of a valid contract are: (1) an offer,

(2) an acceptance, (3) a meeting of the minds, (4) each party's consent to the terms, and (5) execu-

tion and delivery of the contract with the intent that it be mutual and binding. *Prime Prods., Inc.*

*v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex.App.- Houston [1st Dist.] 2002, pet. denied). Here,

Plaintiff fails to plead any specific facts, or for that matter conclusory allegations, of a valid con-

tract, and only provides vague allegations that "Plaintiff agreed to grant the Loan through an oral

agreement and several electronic mail communications" between the parties (*See First Amended*

*Complaint ¶ 12*), then defines the "Loan Agreement" as "the Loan agreement between the parties"

(*See Id. ¶ 13*) without identifying what "Loan agreement" it is referring to. The logical assumption

would be the oral agreement and several electronic mail communications referenced in the prior

paragraph, but in the same paragraph where Plaintiff defines the "Loan Agreement" it contradicts

those statements by alleging that "Defendant himself drafted and signed a Promissory Note…that

stated it would mature in November 2025 with no payments until then and no interest at all" as

confirmation of the agreement. However, Plaintiff then states that "Plaintiff never signed the Note

and did not agree to the terms proposed therein by Defendant." *Id. ¶ 15*. Plaintiff fails to provide

any specific facts detailing the terms of the Loan Agreement, whether it is in fact an oral agreement

or a written agreement, and admits that each party did not consent to the terms. As such, Plaintiff

has failed to state a claim that a valid contract ever existed.

Even assuming there was a valid contract, Plaintiff has failed to state the terms that the

parties consented to that could be the basis of a breach. Simply alleging that "Defendant violated

the Loan Agreement by not paying Plaintiff the Loan Amount or any portion thereof" (See Id.

¶24), is the exact type of conclusory allegation that is ripe for dismissal under Rule 12(b)(6), es-

pecially where, as here, Plaintiff has offered as fact that Defendant provided a Promissory Note to

Plaintiff in the amount in controversy that stated it would mature in November 2025 with no payments until then. *Id.* ¶ *13*. There is nothing in the First Amended Complaint that would lead to the conclusion that Defendant not paying Plaintiff the Loan Amount is an actual violation of their alleged agreement.

While couching its first cause of action as 'Breach of Contract', Plaintiff again alleges facts about an alleged Promissory Note. *See Id.* ¶ *13*. Again, it is not clear to Defendant whether it is to defend against a breach of contract claim, or whether the actual claim is an attempt to collect on the Promissory Note. To prevail on its claim to collect on a promissory note, a plaintiff is required to prove: (1) the existence of the promissory note in question, (2) that the defendant signed the note, (3) that plaintiff is the owner or holder of the note, and (4) that a certain balance is due and owing on the note. *Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 237 (Tex. App.—Dallas 2011, pet. denied); W*ells Fargo Bank, N.A. v. Ballestas,* 355 S.W.3d 187, 191 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Plaintiff fails to plead any specific facts, or for that matter conclusory allegations, of whether the Plaintiff is the current owner and holder of the note, and only provided a conclusory allegation that a certain balance is due and owing on the note.

In light of the above, Plaintiffs' breach of contract claim as it relates to the "Loan Agreement" should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). There are no facts from which a reasonable inference could be made that Defendant entered into a valid, enforceable contract with Plaintiff or that Defendant has breached any alleged contract. Plaintiff has failed to state a breach of contract claim against the Defendant and those claims are subject to dismissal under Rule 12(b)(6). See e.g., *Real Estate Innovations, Inc.*, 422 Fed. Appx. at 349-350 (upholding dismissal of the breach of contract

claims where plaintiff failed to plead "the existence of a contract between it and the defendants or the factual basis for a breach of any such contract.").

For the first time and wholly without support, in its First Amended Complaint under its breach of contract count, Plaintiff now also claims that "On information and belief, Defendant also violated his employment contract and other agreements with Plaintiff" and "seeks an award of damages relating to the other contractual breaches pleaded herein for which discovery is necessary" in an amount of "approximately $161,984.17." *First Amended Complaint ¶¶ 25, 27*. A federal court is not the proper place for a party to conduct its pre-litigation due diligence, which the party has a responsibility to do prior to bringing an action and presenting a pleading to the Court. Regardless, because Plaintiff has failed to allege specific facts as it relates to the identity, validity, its own performance, Defendant's alleged breach of these "other agreements", and how any harm was brought to Plaintiff as a result, and only offers a single, conclusory allegation that does not meet the pleading standards of Texas law or the Federal Rules of Civil Procedure, Plaintiff has failed to state a claim upon which relief can be granted and any breach of contract claims relating to Plaintiff's allegations contained in Paragraph 25 of the First Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6). There are no facts from which a reasonable inference could be made that Defendant entered into a valid, enforceable contract with Plaintiff or that Defendant has breached any alleged contract. Plaintiff has failed to state a breach of contract claim against the Defendant and those claims are subject to dismissal under Rule 12(b)(6). See e.g., *Real Estate Innovations, Inc.*, 422 Fed. Appx. at 349-350 (upholding dismissal of the breach of contract claims where plaintiff failed to plead "the existence of a contract between it and the defendants or the factual basis for a breach of any such contract.").

### D.  Plaintiff Fails to State a Claim for Fraud

Even in its First Amended Complaint, Plaintiff has failed to satisfy the heightened standard for pleading fraud under Rule 9(b); instead of facts, Plaintiff relies on conclusory statements and fails to set forth the elements of fraud, and only offers conclusory allegations of law or formulaic recitations of the elements of the claim. Fraud claims must satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (citing *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). To comply with Rule 9(b), the Plaintiff must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177

(5th Cir. 1997). Plaintiff adds to its fraud claim conclusory allegations such as "On information and belief, Defendant never intended to fully comply with the Loan Agreement and never intended to pay Plaintiff the Loan Amount despite making representations, promises, and agreements to the contrary," and "apparently used the Loan Amount for something other than the purpose for which it was intended which was the inducement for Plaintiff to make the loan in the first place." *First Amended Complaint ¶¶ 31-2*. Plaintiff alleges it "relied on Defendant's representations, promises, and agreements to its detriment," and that Defendant "knew that Plaintiff was relying upon his representations, promises, and agreements and Defendant intended that Plaintiff so rely." *Id. ¶¶ 33-4.* However, Plaintiff fails to identify the specific statements it contends are fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. Plaintiff fails to identify Defendant's alleged "representations, promises, and agreements." Plaintiff fails to specify a representation to the Plaintiff, explain how the representation was material, provide specific facts that support the alleged representation was false, or provide specific facts that would show when the Defendant made an alleged representation the Defendant knew it was false or made the representation recklessly and without knowledge of its truth. In fact, in buttressing its factual allegations, Plaintiff expressly contradicts its conclusory allegations it uses to support its claim of fraud, and these allegations must be taken as true. For example, Plaintiff states that "Plaintiff does not know exactly what Defendant did with the money" (See Id. ¶ 11) yet alleges in its fraud claim that Defendant "apparently" used the Loan Amount for something other than the purpose for which it was intended. If Plaintiff does not know what Defendant did with the money, it cannot claim that any representation was material and especially cannot claim it was false. Plaintiff simply does not know and once again wants to use the federal court to conduct its pre-litigation due diligence that it has a responsibility to do before bringing a cause of action and

presenting a pleading to the Court. Further, Plaintiff avers that "Defendant indicated a desire to settle the Note matter by paying the Loan Amount under several different settlement scenarios..." Id. ¶ 16. However, to support its fraud claim, Plaintiff states "On information and belief, Defendant never intended to fully comply with the Loan Agreement and never intended to pay Plaintiff the Loan Amount..." Id. ¶ 31. Once again, Plaintiff contradicts its own conclusory allegations made solely for the purpose of bringing a fraud claim. If Defendant indicated a desire to settle this matter by paying the Loan Amount, Plaintiff cannot contend that Defendant never intended to pay Plaintiff the Loan Amount.

As such, because Plaintiff has failed to plead its fraud claim in accordance with the Federal Rules of Civil Procedure and can only support such claim with contradictory and conclusory allegations, Plaintiffs claim for fraud should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### E.  Plaintiff Fails to State a Claim for Breach of Fiduciary Duty

The elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship existed between the plaintiff and defendant; (2) the defendant breached its fiduciary duty to the plaintiff; and (3) the defendant's breach resulted in injury to the plaintiff or benefit to the defendant. *Lundy v. Masson*, 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). Here, Plaintiff pleads that Defendant owed fiduciary duties to Plaintiff by the nature of his employment with Plaintiff. *First Amended Complaint ¶ 37*. To support the element that Defendant breached his fiduciary duty to Plaintiff, Plaintiff once again relies on conclusory allegations and formulaic recitations of the elements without factual specificity wherein it states "In Defendant's handling of all the items set forth in the Factual Background section above, Defendant breached his fiduciary

duties to Plaintiff in several ways, primarily in self-dealing and placing his own pecuniary interests ahead of the utmost best interests of Parathon." *Id. ¶ 38*. To support the element that Defendant's breach resulted in injury to Plaintiff, Plaintiff states "Plaintiff has been severely damaged by Defendant's fiduciary breaches in the amounts set forth above for Breach of Contract." Id. 39. Plaintiff has failed to allege with specificity the factual allegations that constitute Defendant's alleged breach of his fiduciary duty or how Plaintiff has been harmed by any alleged breach such that Defendant can mount a defense against these conclusory claims.

With regards to Plaintiff's request for an equitable accounting, again Plaintiff provides no basis for such relief. "An equitable accounting is proper when the facts and accounts presented are so complex that adequate relief may not be obtained at law." *Hutchings v. Chevron U.S.A., Inc.*, 862 S.W.2d 752, 762 (Tex. App.—El Paso 1993, writ denied). Plaintiff presents no accounts or factual specificity with regards to those accounts that demonstrate adequate relief may not be obtained at law.

Because Plaintiff has failed to plead its breach of fiduciary duty and equitable accounting claim in accordance with the Federal Rules of Civil Procedure and can only support such claim with conclusory allegations and formulaic recitations of the elements, Plaintiffs claim for breach of fiduciary duty and equitable accounting should be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

**F. Plaintiff Fails to State a Claim for Unjust Enrichment**

Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay, and to be successful in an unjust enrichment claim, the plaintiff must prove (1) a party is unjustly enriched, (2) the

receipt of the benefit by one party came at another party's detriment, and (3) there is no contract between the parties.. *Oxford Fin. Co., Inc. v. Velez,* 807 S.W.2d 460, 465 (Tex.App.-Austin 1991, writ denied); *City of Corpus Christi v. Heldenfels Bros.,* 802 S.W.2d 35, 40 (Tex.App.-Corpus Christi 1990), *aff'd,* 832 S.W.2d 39 (1992). The unjust enrichment doctrine applies principles of restitution to disputes where there is no actual contract and is based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution. *Burlington N. R.R. Co. v. Southwestern Elec. Power Co.,* 925 S.W.2d 92, 101 n. 5 (Tex. App.-Texarkana 1996, no writ), *aff'd,* 966 S.W.2d 467 (Tex.1998); *Bransom v. Standard Hardware, Inc.,* 874 S.W.2d 919, 927 (Tex.App.-Fort Worth 1994, writ denied).

When a valid contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory, *see generally TransAmerican Natural Gas Corp. v. Finkelstein,* 933 S.W.2d 591, 600 (Tex.App.-San Antonio 1996, writ denied), *Southwestern Electric Power Co. v. Burlington Northern Railroad Co.,* 966 S.W.2d 467, 469-70 (Tex.1998). This is because parties should be bound by their contracts. When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement. *See TransAm. Natural Gas Corp.,* 933 S.W.2d at 600. Accordingly, when a party claims that it is owed more than the payments called for under a contract, there can be no recovery for unjust enrichment "'if the same subject is covered by [the] express contract.'" *See id.* (quoting *Lone Star Steel Co. v. Scott,* 759 S.W.2d 144, 154 (Tex.App.-Texarkana 1988, writ denied)).

In its unjust enrichment claim, Plaintiff once again "realleges and incorporates the allegations in the above paragraphs as if fully stated herein," meaning it has realleged its "Factual Background" and "Breach of Contract" allegations, both of which claim there is a "Loan Agreement" that the parties entered into and that Defendant allegedly violated. *First Amended Complaint ¶ 41.*

Plaintiff further pleads in this specific cause of action that "Plaintiff duly paid the Loan Amount to Defendant pursuant to the Loan Agreement." If there is, in fact, such a "Loan Agreement", there can be no recovery for Plaintiff under a cause of action for unjust enrichment. Further, Plaintiff failed to specify the facts that support the elements of an unjust enrichment claim in that Plaintiff failed to allege facts regarding how receipt of the benefit by Defendant came at Plaintiff's detriment, or that there was no contract between the parties. As such, Plaintiff's claim for unjust enrichment should be dismissed with prejudice for failure to state a clam upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

### G.   Plaintiff Fails to State a Claim for an Award of Exemplary Damages or Attorney's Fees Under Texas Law

Plaintiff also seeks "an award of exemplary damages in an amount equal to three times actual damages…", in its fraud cause of action, and also seeks "reasonable attorneys' fees from Defendant in this cause in accordance with Section 38.001 et. Seq., Texas Civil Practice & Remedies Code." *First Amended Complaint ¶¶ 35, 46-7.* Once again, Plaintiff offers little in support of its claims for damages. With regards to exemplary damages, Plaintiff has failed to specifically allege conduct that meets the elements for an award of exemplary damages under Section 41 of the Texas Civil Practice and Remedies Code, and in fact is barred from recovering the amount it seeks. *See* Tex. Civ. Prac. & Rem. Code § 41. Plaintiff also fails to specify the specific theory under which it claims it is entitled to attorneys' fees under Section 38 of the Texas Civil Practice and Remedies Code, and fails to support any such recovery with anything other than conclusory allegations. *See* Tex. Civ. Prac. & Rem. Code § 38. As such, Plaintiff's claims with regards to exemplary damages and attorneys' fees should be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6). Without requiring Plaintiff to clearly state the elements that entitles it to recover exemplary damages and/or attorneys' fees under the Texas Civil Practice and Remedies

Code, and support same with specific facts, Defendant is prejudiced in its ability to respond to such claims. As such, the Court should dismiss these claims in accordance with Texas law and the Federal Rules of Civil Procedure.

Plaintiff's Original Petition does not state a claim under any of the above theories for breach of contract, fraud, or unjust enrichment, which can withstand scrutiny under Fed. R. Civ. P. 12 and should be dismissed with prejudice.

## IV.    <u>CONCLUSION</u>

Given the paucity of specific facts to support Plaintiff's pleadings, many of which actually contradict themselves and preclude its own claims, Plaintiff's claims against Defendant should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6), and Defendant respectfully requests that its Motion to Dismiss Plaintiff's First Amended Complaint be granted and that Plaintiff's suit be dismissed in its entirety, with prejudice. Defendant further requests all other and further relief, at law or in equity, to which it may justly be entitled.

Respectfully submitted,

By: */s/ Amanda Dorman*
Amanda L. Dorman
Texas State Bar No. 24071589
mandy@dormanbell.com

Dorman Bell, LLP
1006 Ridge Road
Rockwall, TX 75087
Phone: (214) 736-7168
Fax: (214) 260-0777

*Attorney for Defendant Corby Bell*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 9, 2022, the foregoing Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, was filed via the Court's electronic filing system and that copies of same were served upon the following via the Court's electronic filing system pursuant to the Federal Rules of Civil Procedure.

> Martin P. Averill
> averillfirm@gmail.com
> Charles Kaplan
> cik@charleskaplanlaw.com
> Kaplan & Cruz, PLLC
> 2929 Carlisle Street, Suite 115
> Dallas, Texas 75204
> Phone: (214) 522-4900
> Fax: (888) 632-2752

Dated: September 9, 2022                                    */s/ Amanda Dorman*
                                                                       Amanda Dorman